# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>31 Prince Avenue, Peaks Island, ME 04108 |
| **Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius** | Mortgage:<br>September 11, 2007<br>Book 25466, Page 23<br>Cumberland County Registry of Deeds |
| **Defendants**<br>Fred Forsley | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Agreement executed under seal currently owned and held

by U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, in which the Defendant, Melisa Pretorius a/k/a Melisa Filipos, is the obligor and the total amount owed under the terms of the Loan Agreement is Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust is a National Association with its principal place of business located at 425 Walnut St., Cincinnati, OH. 45202.

5. The Defendant, Melisa Pretorius a/k/a Melisa Filipos, is a resident of Wellesley, County of Norfolk County and Commonwealth of Massachusetts.

6. The Defendant, Johannes F. Pretorius, is a resident of Cambridge, County of Middlesex County (Southern District) and Commonwealth of Massachusetts.

7. The Party-in-Interest, Fred Forsley, is located at 86 Newbury St, Portland, ME 04101.

## FACTS

8. On February 9, 1998, by virtue of a Warranty Deed from Thelma Van Til a/k/a Thelma M. Van Til, which is recorded in the Cumberland County Registry of Deeds in **Book 13599, Page 187**, the property situated at 31 Prince Avenue, City/Town of Peaks Island, County of Cumberland, and State of Maine, was conveyed to Johannes F. Pretorius and Melissa Filipos, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On September 11, 2007, Defendant, Melisa Pretorius a/k/a Melisa Filipos, executed and delivered to Beneficial Massachusetts Inc. a certain Loan Agreement under seal in the amount of $252,447.00. *See* Exhibit B (a true and correct copy of the Loan Agreement is attached hereto and incorporated herein).

10. To secure said Loan Agreement, on September 11, 2007, Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius executed a Mortgage Deed in favor of Beneficial Massachusetts Inc., securing the property located at 31 Prince Avenue, Peaks Island, ME 04108 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25466**, **Page 23**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an Assignment of Mortgage dated June 2, 2014 and recorded in the Cumberland County Registry of Deeds in **Book 31549**, **Page 21**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On October 24, 2019, the Defendant, Melisa Pretorius a/k/a Melisa Filipos, executed a Loan Modification Agreement Fixed with Forgiveness which increased the principal amount

of the Loan Agreement to $395,843.77 (herein after referred to as the "Loan Modification"). *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. On March 11, 2008 by virtue of a Quitclaim Deed with Covenant from Johannes F. Pretorius and Melisa Pretorius a/k/a/ Melisa Flipos, which is recorded in the Cumberland county Registry of Deeds in **Book 25889, Page 362,** the property situated at 31 Prince Avenue, City/Town of Peaks Island, County of Cumberland, and state of Maine, was purportedly conveyed to Melisa Filipos in violation of the aforesaid mortgage and without the consent of the mortgage and loan agreement holder.

14. On April 15, 2022, the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, were sent notice under the terms of the Note and Mortgage and, though upon information and belief they are residents of Massachusetts, they were sent a Notice of Mortgagor's Right to Cure in conformity with 14 M.R.S.A. § 6111 as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

16. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the present holder of the Loan Agreement pursuant to endorsement by the previous holder (if

applicable), payment of value and physical possession of the Loan Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the lawful holder and owner of the Loan Agreement and Mortgage.

19. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Loan Agreement and Mortgage were strictly performed.

20. Fred Forsley is a Party-in-Interest pursuant to a Mortgage, Security Agreement and Financing Statement in the amount of $160,000.00 dated August 7, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35938**, **Page 152** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Loan Agreement and Mortgage as of July 8, 2022 is Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $392,171.25 |
| Interest | $19,735.46 |
| Late Fees | $34.05 |
| Escrow Advance | $21,181.78 |
| Rec Corp Adv Balance | $2,571.86 |
| Grand Total | $435,694.40 |

22. Upon information and belief, the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are not presently in possession of the subject property originally secured by the Mortgage.

23. Additionally, if the Defendants have received a Bankruptcy Discharge of this Debt, the Court should enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 31 Prince Avenue, Peaks Island, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the holder of the Loan Agreement referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) payment of value and physical possession of the aforesaid Loan Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Agreement.

28. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are presently in default on said Mortgage and Loan Agreement, having failed to make the monthly payment due January 17, 2020, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Agreement.

29. As set forth in paragraph 21, the total debt owed under the Loan Agreement and Mortgage as of July 8, 2022 is Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40).

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Loan Agreement and Mortgage was sent to the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, on September 21, 2021, evidenced by the Certificate of Mailing. *See* Exhibit F.

33. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are not in the Military as evidenced by the attached Exhibit G.

34. Additionally, if the Defendants have received a Bankruptcy Discharge of this Debt, the Court should enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF LOAN AGREEMENT

35. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On September 20, 2007, the Defendant, Melisa Pretorius a/k/a Melisa Filipos, executed under seal and delivered to Beneficial Massachusetts Inc. a certain Loan Agreement in the amount of $252,447.00 (since Johannes F. Pretorius did not execute the Loan Agreement he has no personal liability thereunder). *See* Exhibit B.

37. The Defendant, Melisa Pretorius a/k/a Melisa Filipos, is in default for failure to properly tender the January 17, 2020 payment and all subsequent payments. *See* Exhibit F.
38. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Agreement and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendant, Melisa Pretorius a/k/a Melisa Filipos.
39. The Defendant, Melisa Pretorius a/k/a Melisa Filipos, having failed to comply with the terms of the Loan Agreement and Mortgage, is in breach of both the Loan Agreement and the Mortgage.
40. The Defendant Melisa Pretorius a/k/a Melisa Filipos's breach is knowing, willful, and continuing.
41. The Defendant Melisa Pretorius a/k/a Melisa Filipos's breach has caused Plaintiff U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.
42. As set forth in paragraph 21, the total debt owed under the Loan Agreement and Mortgage as of July 8, 2022, if no payments are made, is Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars.
43. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Agreement including interest, plus costs and expenses, including attorney fees.
44. Additionally, if the Defendants have received a Bankruptcy Discharge of this Debt, enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Loan Agreement, the Defendant, Melisa Pretorius a/k/a Melisa Filipos, entered into a written contract with Beneficial Massachusetts Inc. who agreed to loan the amount of $252,447.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, executed the Mortgage to secure the Loan Agreement and the subject property. *See* Exhibit C.

48. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Agreement and successor-in-interest to Beneficial Massachusetts Inc., and has performed its obligations under the Loan Agreement and Mortgage.

49. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, breached the terms of the Mortgage by failing to properly tender the January 17, 2020 payment and all subsequent payments. *See* Exhibit F.

50. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Agreement, and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendant, Melisa Pretorius a/k/a Melisa Filipos.

51. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, having failed to comply with the terms of the Mortgage, are in breach of contract.

52. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are indebted to U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust in the sum of Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars, for money lent by the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, to the Defendants (since Johannes F. Pretorius did not sign the Loan Agreement he has no personal liability thereunder).

53. Defendants Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius's breach is knowing, willful, and continuing.

54. Defendants Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius's breach has caused Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. As set forth in paragraph 22, the total debt owed under the Loan Agreement and Mortgage as of July 8, 2022, if no payments are made, is Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. Additionally, if the Defendants have received a Bankruptcy Discharge of this Debt, enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

58. The Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Beneficial Massachusetts Inc., predecessor-in-interest to U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, loaned the Defendant, Melisa Pretorius a/k/a Melisa Filipos, $252,447.00. *See* Exhibit B.

60. The Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, have failed to repay the loan obligation.

61. As a result, the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust as successor-in-interest to Beneficial Massachusetts Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Melisa Pretorius a/k/a Melisa Filipos, is in breach of the Loan Agreement by failing to make payment due as of January 17, 2020, and all subsequent payments (Since Johannes F. Pretorius did not sign the Loan Agreement he has no personal liability thereunder);

d) Find that the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are in breach of the Mortgage by failing to make payment due as of January 17, 2020, and all subsequent payments;

e) Find that the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are in breach of contract by failing to comply with the terms and conditions of the Mortgage by failing to make the payment due January 17, 2020 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, to restitution;

j) Find that the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, are liable to the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, for money had and received;

k) Find that the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, have appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, to continue to appreciate and retain the benefit of the Mortgage, Loan Agreement and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius;

n) Determine the amount due on said Mortgage and Loan Agreement, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment (as required under Maine statutory foreclosure law) against the Defendants, Melisa Pretorius a/k/a Melisa Filipos and Johannes F. Pretorius, and in favor of the Plaintiff, U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust, in the amount of Four Hundred Thirty-Five Thousand Six Hundred Ninety-Four and 40/100 ($435,694.40) Dollars, the total debt owed under the Mortgage plus interest and costs including attorney's fees and costs;

p) Additionally, if the Defendants have received a Bankruptcy Discharge of this Debt, enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank Trust N.A., as Trustee for LSF8
        Master Participation Trust,
        By its attorney,

Dated: July 29, 2022

        <u>/s/Reneau J. Longoria, Esq.</u>
        Reneau J. Longoria, Esq. Bar No. 005746
        Attorney for Plaintiff
        Doonan, Graves & Longoria, LLC

100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com